

# The Attorney General of Texas

December 13, 1984

**JIM MATTOX**
**Attorney General**

Supreme Court Building
. O. Box 12548
.ustin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
eleconier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
14/742-8944

824 Alberta Ave., Suite 160
:I Paso, TX. 79905-2793
915/533-3484

Texas, Suite 700
Houston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Michael G. Mask
County Attorney
3rd Floor
Jack County Courthouse
Jacksboro, Texas    76056

Opinion No.  JM-243

Re:    Whether a sheriff has dis-
cretion to refuse to enter a
probation revocation warrant in
a state computer under article
23.09, Code of Criminal Procedure

Dear Mr. Mask:

You have asked whether a county sheriff has discretion to refuse to enter into the state computer system arrest warrants which have been properly issued by the county court against defendants for failure to appear or for probation revocation. The computer system in question is the Texas Crime Information Center computer [hereinafter TCIC], which is maintained by the Texas Department of Public Safety [hereinafter DPS] for the collection of outstanding warrants issued by Texas officials and which facilitates the arrest of wanted persons statewide. You have specifically asked whether article 23.09 of the Code of Criminal Procedure has any bearing on the scope of the sheriff's discretion to refuse entry of Jack County warrants in the TCIC. Article 23.09 of the Code of Criminal Procedure simply states: "Capiases for a defendant may be issued to as many counties as the district or county attorney may direct."

The director of the DPS has authority to formulate plans and means of cooperating with sheriffs and local peace officers throughout Texas for the apprehension of criminals. V.T.C.S. art. 4413(21). Sheriffs and constables are made "associate members" of the DPS for purposes of any rights and privileges which may be granted to such officers by such state agency. V.T.C.S. art. 4413(19). We believe that a sheriff's authority to subscribe to the TCIC pursuant to DPS regulations is authorized under the statutes.

In our opinion, if the sheriff does not have the available personnel to assume custody of a person found outside his county, the sheriff would have authority in the first instance not to enter such person's name in the system. Pursuant to the operating manual issued by the Texas Department of Public Safety, any entry into the TCIC by a law enforcement agency must be accompanied by the promise that such agency will retrieve a prisoner from anywhere in the state.

We do not believe that a Texas county sheriff can be compelled to enter warrants in the TCIC if, in his reasonable discretion, making

such entries is not justified under the circumstances.  Article 23.09 simply provides that a capias may be directed to the arresting law enforcement officials of any county designated by the prosecuting attorney.  Once a capias comes into the hands of a sheriff, he is under an obligation to make a reasonable effort to execute such writ. V.T.C.S. arts. 6866, 6873; Code Crim. Proc. art. 2.13.  Under article 2.16 of the Code of Criminal Procedure a county sheriff may be fined up to $200 for failing "from neglect" to execute an arrest warrant or other legal process.

If the prosecuting attorney wishes to have an arrest warrant delivered to another county in which a wanted person is known to be found, the clerk of the court may issue such capias to the county sheriff of such county pursuant to article 23.09 of the Code of Criminal Procedure without the necessity of making any entry in the TCIC computer system.

## S U M M A R Y

A county sheriff has discretion to withhold entry of warrants into a statewide computer system.

Very truly yours,

J I M   M A T T O X
Attorney General of Texas

TOM GREEN
First Assistant Attorney General

DAVID R. RICHARDS
Executive Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Rick Gilpin
Assistant Attorney General .

APPROVED:
OPINION COMMITTEE

Rick Gilpin, Chairman
Colin Carl
Susan Garrison
Tony Guillory
Jim Moellinger
Jennifer Riggs
Nancy Sutton